**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HERBER ASBEL DE LEON-MAZARIEGOS,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-72496<br><br>Agency No. A072-109-940<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2014
San Francisco, California

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and PIERSOL, Senior
District Judge.[**]

Substantial evidence supports the BIA's decision that De Leon Mazariegos

failed to meet his burden of proof establishing that he was persecuted (1) on

account of an imputed political opinion or (2) on account of his membership in a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

particular social group.[1] The BIA accepted De Leon Mazariegos's testimony that guerillas attacked and threatened him and asked for him to reveal the location of his father. There is no direct evidence of motive; the guerillas did not make any statements relating to the political view of De Leon Mazariegos or his father nor did they make any statement with regard to their own political views. *See Garcia-Milian v. Holder*, No. 09-71461, 2014 WL 555138, *4-5 (9th Cir. February 13, 2014). De Leon Mazariegos claims that circumstantial evidence in the record exists to support his claim. Specifically, De Leon Mazariegos argues that he was targeted based on an imputed political opinion because his father was a member of the civil patrol in Guatemala.[2] This circumstantial evidence, by itself, does not compel a conclusion that the guerillas were targeting him or his family based on any imputed political opinion or membership in a particular social group. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) ("No evidence suggests that the gang held any sort of belief system that they perceived Santos-Lemus to oppose. Without evidence of an actual political opinion or motive in

_____

[1] Because substantial evidence supports the BIA's determination that De Leon Mazariegos was not persecuted on account of his membership in a particular social group, we need not reach the issue of whether the BIA correctly determined that his family may not constitute such a group.

[2] De Leon Mazariegos did not testify that his father had problems with the guerillas during the conflict or after De Leon Mazariegos fled Guatemala.

Santos-Lemus's or the gang's actions, his claim fails."), *overruled on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc); *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991) (holding that mandatory service in the Guatemalan civil patrol is not sufficient to show an imputed political opinion).

Because De Leon Mazariegos failed to show past persecution or a "well-founded fear" of persecution on account of a statutorily protected ground under the less demanding asylum standard, he necessarily failed to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the BIA's denial of De Leon Mazariegos's Convention Against Torture claim because he failed to establish it is more likely than not that he will be tortured if he returns to Guatemala. *See Al-Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir. 2001) (citing 8 C.F.R. § 208.16(c)(2)).

**PETITION FOR REVIEW DENIED.**